# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

---

№ 09-CV-1683 (JFB)

---

IN RE MARCEL C. BRISTOL,

                            Debtor,

MARCEL C. BRISTOL,

                            Appellant,

VERSUS

NEIL H. ACKERMAN & MARIANNE DEROSA,

                            Appellees.

---

**MEMORANDUM AND ORDER**
March 24, 2010

---

JOSEPH F. BIANCO, District Judge:

The instant case is an appeal from an order in the voluntary bankruptcy proceeding of debtor Marcel C. Bristol (hereinafter "appellant" or "Bristol"), under Chapter 13 of the Bankruptcy Code, in the United States Bankruptcy Court for the Eastern District of New York (hereinafter the "Bankruptcy Court"), against Neil H. Ackerman (hereinafter "Ackerman") and Marianne DeRosa, the Chapter 13 Trustee in Bristol's bankruptcy, (hereinafter "DeRosa" or "Trustee," and together with Ackerman, "appellees"). Specifically, *pro se* appellant appeals from an order of the Honorable Alan S. Trust dated February 13, 2009, which dismissed the Chapter 13 case due to appellant's failure to appear at scheduled Bankruptcy Court conferences and file necessary documents in support of his case. The Court dismisses appellant's appeal for inexcusable failure to file a brief pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and his willful failure to prosecute this appeal.

I. BACKGROUND

A. Facts

The following facts are taken from the record of the Bankruptcy Court in the underlying proceeding. On November 19, 2008, appellant filed for voluntary bankruptcy under Chapter 13 of the Bankruptcy Code, in

the United States Bankruptcy Court for the Eastern District of New York. On December 26, 2008, the Chapter 13 Trustee filed a motion to dismiss the case for Bristol's failure to comply with 11 U.S.C. § 521(a)(1) and Interim Bankruptcy Rule 1007(b)(1) and (6) by not filing certain required documents. The Trustee's motion also noted that Bristol had failed to file a Chapter 13 Plan or appear and be examined at the Section 341 Meeting of creditors. This motion was served on Bristol by mail. By Order dated January 6, 2009, the Bankruptcy Court directed the Clerk's Office not to dismiss the case and extended the time for Bristol to file the missing documents to January 20, 2009. On January 22, 2009, the Bankruptcy Court held a hearing regarding the Trustee's motion to dismiss the case. Bristol did not appear at the meeting in opposition, and the motion was granted. Accordingly, on February 13, 2009, the Bankruptcy Court entered a Notice of Dismissal, dismissing the case due to Bristol's failure to appear at the Section 341 Creditors' Meeting or the January 22, 2009 hearing regarding the motion to dismiss; Bristol's failure to file copies of payment advices or other evidence of payments received from any employer within the last sixty days before filing the petition, as required under the Bankruptcy Code; Bristol's failure to provide the Trustee with a copy of his federal income tax returns; and Bristol's failure to file a Chapter 13 plan or comply with the disclosure requirements of the Bankruptcy Court. Accordingly, the case was dismissed pursuant to 11 U.S.C. § 1307(c) of the Bankruptcy Code.

B. Procedural History

On February 24, 2009, Bristol filed a notice of appeal from the Bankruptcy Court's February 13, 2009 Order dismissing his bankruptcy case. The appeal was docketed in this Court on April 24, 2009. Appellant's notice of appeal contended that he had not been given an opportunity to oppose the Trustee's motion to dismiss and argued that the Trustee failed to serve Bristol with the motion to dismiss. In accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure, on April 27, 2009, the Clerk of the Court filed a Notice of Docketing Bankruptcy Appeal (hereinafter "Notice"). This Notice was mailed to *pro se* appellant, and informed him that his appeal had been docketed and assigned to the undersigned. The Notice also informed appellant that filing and service of the briefs and appendix were to be accomplished in accordance with Rule 8009 of the Bankruptcy Rules and/or the undersigned's individual court rules. (*See* Notice, DE [2].) This Notice was mailed to Bristol at two separate addresses: 238-68 116th Avenue, Elmont, NY 11003 and 100 Carman Avenue, CC# 08000144, East Meadow, NY 11554-1146. Appellant never filed a brief in support of his appeal, and has not communicated with the Court since the time of filing his appeal over one year ago.

II. DISCUSSION

Rule 8009 of the Federal Rules of Bankruptcy Procedure states that "[u]nless the district court or the bankruptcy appellate panel by local rule or by order excuses the filing of briefs or specifies different time limits[,] [t]he appellant shall serve and file a brief within 14 days after entry of the appeal on the docket pursuant to Rule 8007." *Id.* This time limitation is not jurisdictional; rather "the court should exercise discretion to determine whether dismissal [due to failure to timely file a brief] is appropriate in the circumstances, and its decision to dismiss will be affirmed unless it has abused its discretion." *Balaber-Strauss v. Reichard* (*In*

2

*re Tampa Chain Co.*), 835 F.2d 54, 55 (2d Cir. 1987) (collecting cases); *see also* Fed. R. Bankr. P. 8001(a) ("An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal."). Among the factors that the Court may consider in determining if dismissal is appropriate is whether there is a showing of bad faith, negligence, or indifference. *See In re Tampa Chain Co.*, 835 F.2d at 55; *accord Futterman v. Zurich Capital Corp.* (*In re Futterman*), 99-CV-8793 (DAB), 2001 WL 282716, at *3 (S.D.N.Y. Mar. 21, 2001). Moreover, a district court also has the power to dismiss a bankruptcy appeal for failure to prosecute *sua sponte*. *See, e.g.*, *Babcock v. Philp*, No. 08-CV-1158 (JFB), 2008 WL 4948447, at *2 (E.D.N.Y. Oct. 31, 2008); *Friedus v. United States* (*In re Friedus*), No. 94 CV 2687, 1996 WL 622210, at *1 (E.D.N.Y. Oct. 23, 1996); *Mangano v. Green Point Savings Bank* (*In re Mangano*), No. 95 CV 1027, 1996 WL 599717, at *1 (E.D.N.Y. Oct. 16, 1996); *In re de Kleinman*, No. 95 CIV. 2663 (RO), 95 CIV. 2665 (RO), 1996 WL 157469, at *1 (S.D.N.Y. Apr. 4, 1996); *cf. Martens v. Thomann*, 273 F.3d 159, 179 (2d. Cir. 2001).

Many courts have found an appellant's failure to timely file a brief inexcusable where, as here, the appellant failed to provide an explanation for its failure to file an appellate brief many months after the Notice of Docketing Bankruptcy Appeal. *See, e.g.*, *In re Tampa Chain Co.*, 835 F.2d at 56 (affirming the dismissal of an appeal from bankruptcy court where appellant failed to file a brief for seven months after the due date and provided no excuse); *In re A&J Elastic Mills, Inc.*, 34 B.R. 977, 978-79 (S.D.N.Y. 1983) (finding a delay of almost three months unreasonable and inexcusable despite the alleged disappearance of the record of proceedings, because the creditor failed to contact the court for over two months); *see also Adler v. Bancplus Mortgage Corp.*, 108 B.R. 435, 438 (S.D.N.Y. 1989) ("[F]ailure to file a timely brief may result in dismissal of the appeal."). Appellant here failed to appear for proceedings before the Bankruptcy Court and failed to file the required documents. Although appellant filed a timely appeal, he thereafter failed to file a brief within fifteen days, as required by Bankruptcy Rule 8009. Appellant further has failed to communicate with this Court since filing the Notice of Appeal over one year ago. This Court finds this conduct and substantial delay to be inexcusable under these circumstances. The fact that appellant is *pro se* does not alter this analysis. *See e.g.*, *Edwards v. INS*, 59 F.3d 5, 8 (2d Cir. 1995) ("[P]ro se litigants generally are required to inform themselves regarding procedural rules and to comply with them."); *see also Babcock*, 2008 WL 4948447, at *2 (dismissing *pro se* bankruptcy appeal for failure to file timely appellate brief). Appellant in the instant case has provided no excuse for his failure to file his brief by the deadline, and has provided no explanation to the Court in the months since the deadline passed.[1] The Court has considered whether

---

[1] The Court further notes that appellant has filed a separate appeal with this Court, under docket number 09-3730. This appeal was filed well after the instant appeal, on August 26, 2009. To date, appellant has also failed to file an appellate brief in the case under docket number 09-3730 as well. Moreover, appellant clearly knows about the need to file an appellate brief because he has done so in another bankruptcy appeal that was decided on the merits. *See Bristol v. Ackerman* (*In re Bristol*), No. 08-CV-2209 (JFB), 2009 WL 238002

3

some lesser sanction is appropriate, but concludes that a lesser sanction is unwarranted because appellant not only missed the requisite deadline, but has failed to communicate with the Court in eleven months. Under these circumstances, plaintiff's indifference to the prosecution of this appeal and pattern of disregarding the Court's Orders for many months are willful and in bad faith. *See Burton v. Schachter*, 99 F. App'x 333, 335 (2d Cir. 2004).

For these reasons, in its discretion, the Court finds that appellant's failure to timely submit a brief in this appeal is inexcusable and the appeal is dismissed with prejudice given his complete failure to prosecute the appeal.

### III. CONCLUSION

For the foregoing reasons, appellant's appeal is dismissed with prejudice. The Clerk of the Court shall enter judgment accordingly and close the case.

SO ORDERED.

_____
JOSEPH F. BIANCO
United States District Judge

Dated: March 24, 2010
Central Islip, New York

---

(E.D.N.Y. Feb. 2, 2009). The Court further takes this into consideration in reaching its conclusion to dismiss the instant appeal. *See French Bourekas Inc. v. Turner*, 199 B.R. 807, 815 (E.D.N.Y. 1996) (dismissing appeal for failure to timely file designations where there was a history of bad faith and dilatoriness).

\* \* \*

Appellant is proceeding *pro se*. Appellees are represented by Neil H. Ackerman of Meltzer, Lippe, Goldstein & Breitstone, LLP, 190 Willis Avenue, Mineola, NY 11501, and Marianne DeRosa, Standing Chapter 13 Trustee, 100 Jericho Quadrangle, Suite 208, Jericho, NY 11753.